PILLSBURY WINTHROP SHAW PITTMAN LLP
PAULA M. WEBER #121144
paula.weber@pillsburylaw.com
MARLEY DEGNER #251923
marley.degner@pillsburylaw.com
STEPHEN E. BERGE #274329
stephen.berge@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
Post Office Box 2824
San Francisco, CA  94126-2824
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200

Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY
dba AT&T CALIFORNIA, FMR LLC, SEDGWICK
CLAIMS MANAGEMENT SERVICES, and AON
HEWITT BENEFIT PAYMENT SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLOTTE ERNSTING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY, a California corporation, dba AT&T California, HELMSMAN MANAGEMENT SERVICES, LLC; AT&T INC.; FMR LLC; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; AON HEWITT BENEFIT PAYMENT SERVICES LLC; and DOES 1 through 11, inclusive,<br><br>Defendants. | Case No. 8:15-cv-1682-JVS-KES<br><br>**DEFENDANTS PACIFIC BELL TELEPHONE COMPANY, FMR LLC, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., AND AON HEWITT BENEFIT PAYMENT SERVICES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS [Fed. R. Civ. P. 12(b)(6)] OR TO STRIKE [Fed. R. Civ. P. 12(f)] AND FOR MORE DEFINITE STATEMENT [Fed. R. Civ. P. 12(e)];**<br><br>Date: December 7, 2015<br>Time: 1:30 P.M.<br>Courtroom: 10C<br>Judge: Hon. James V. Selna |

# TABLE OF CONTENTS

I. Introduction. ...............................................................................................1

II. Procedural History. ....................................................................................2

III. Facts Alleged in the Complaint. .................................................................2

IV. Argument. ...................................................................................................3

    A. Standard of Review. .........................................................................3

    B. Plaintiff's Causes of Action Fail to State a Claim Because They Are Preempted. ................................................................................5

        1. Plaintiff's state-law claims based on the denial of disability payments, pension payments and medical and prescription costs, or interference with such benefits, are preempted by ERISA. ....................................................................................5

        2. Workers' compensation is the exclusive remedy for alleged denial or interference with Plaintiff's workers' compensation benefits. .............................................................7

    B. Plaintiff's Claims Should Be Dismissed Because They Are Based on Alleged Testimony in a Judicial Proceeding. ..................................8

    C. Plaintiff's Conclusory Allegations Fail to State a Claim Under Applciable Pleading Standards. .......................................................10

    D. Plaintiff's Complaint is Inherently Vague and Ambiguous. ..............12

V. Conclusion. ................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................... 4, 10, 11

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) ................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................... 4, 10

*Castaneda v. Saxon Mortgage Services, Inc.*,
    2009 WL 4640673 (E.D. Cal., Dec.3, 2009) .................................... 11

*Cochran v. Cochran*,
    65 Cal. App. 4th 488 (1998) ......................................................... 11, 12

*Harris v. King*,
    60 Cal. App. 4th 1185 (1998) ............................................................... 9

*Jenkins v. MCI Telecom. Corp.*,
    973 F. Supp. 1133 (C.D. Cal. 1997) .................................................... 8

*Johnson v. District 2 Marine Engineers Beneficial Ass'n-Associated Maritime Officers, Medical Plan*,
    857 F.2d 514 ......................................................................................... 6

*KOVR-TV, Inc. v. Superior Court*,
    31 Cal. App. 4th 1023 (1995) ............................................................. 11

*Lazar v. Superior Court*,
    12 Cal. 4th 631 (1996) ........................................................................ 11

*Lea v. Republic Airlines, Inc.*,
    903 F.2d 624 (9th Cir. 1990) ................................................................ 5

*Marsh & McLennan, Inc. v. Superior Court*,
    49 Cal. 3d 1 (1989) ............................................................................... 7

*Metro. Life Ins. Co. v. Taylor*,
    481 U.S. 58 (1987) ................................................................................ 5

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir.2009) ................................................................. 4

*Olson v. General Dynamics Corp.*,
  960 F.2d 1418 (9th Cir. 1991) ............................................................... 6

*Pilot Life Ins. Co. v. Dedeaux*,
  481 U.S. 41 (1987) ................................................................................ 6

*Ramirez v. Alameda*,
  No. C12-4852 MEJ, 2013 WL 5934700 (N.D. Cal. Oct. 31, 2013) ........... 12

*Rubin v. Green*,
  4 Cal. 4th 1187 (1993) .......................................................................... 9

*Shaw v. Delta Air Lines, Inc.*,
  463 U.S. 85 (1983) ................................................................................ 5

*St. Paul Mercury Ins. Co. v. Tessera, Inc.*,
  908 F. Supp. 2d 1054 (N.D. Cal. 2012) ................................................. 9

*Vacanti v. State Comp. Ins. Fund*,
  24 Cal. 4th 800 (2001) ..................................................................... 7, 8

*Vess v. Ciba–Geigy Corps. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................. 10

*Wavetronix LLC v. Swenson*,
  No. 4:12-CV-00244-BLW, 2013 WL 1222565
  (D. Idaho Mar. 25, 2013) ...................................................................... 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................ 5

*Wise v. Verizon Commc'ns, Inc.*,
  600 F.3d 1180 (9th Cir. 2010) .............................................................. 6

**Statutes**

California Civil Code
  Section 47(b)(2).................................................................................................8

California Labor Code
  Sections 3600(a) and 3602(a)........................................................................1, 7

United States Code
  Title 29, Section 1001, *et seq.* ............................................................... passim

**Other Authorities**

Federal Rules of Civil Procedure
  Rule 10............................................................................................................12
  Rule 12(b)(6) .................................................................................................1, 3
  Rule 12(e) .......................................................................................................1, 4
  Rule 12(f) ................................................................................................ 1, 4, 13
  Rule 8..............................................................................................................10
  Rule 9(b) ......................................................................................................1, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

Defendants Pacific Bell Telephone Company, FMR LLC, Sedgwick Claims Management Services, Inc., and Hewitt Associates LLC, incorrectly named as AON Hewitt Benefit Payment Services (collectively the "Non-Helmsman Defendants"), bring this motion to dismiss or to strike, or in the alternative move for a more definite statement.

This action arises from the alleged failure to pay Plaintiff disability payments, medical and prescription costs, pension payments, and workers' compensation benefits, and are based on alleged statements and filings allegedly made in judicial and quasi-judicial proceedings which Plaintiff alleges have damaged her. Plaintiff's claims are preempted under state and federal law. Even if not preempted, Plaintiff's causes of action fail to state a claim and the complaint should be dismissed.

Plaintiff's complaint must be dismissed for four reasons: First, although styled as torts, Plaintiff's claims relate to the alleged failure to pay benefits pursuant to plans governed exclusively under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, and ERISA preempts any state-law claims for employee benefits. Second, similarly, Plaintiff's claims for the alleged failure to pay workers' compensation benefits are barred by the exclusive remedy provisions of the California Workers Compensation Act. Third, to the extent that Plaintiff's claims are based on testimony and acts connected to a judicial or quasi-judicial proceeding such as a workers' compensation proceeding, these alleged acts cannot serve as a basis of liability under California law. Finally, Plaintiff's claims are not pleaded with the requisite specificity required under the *Twombly/Iqbal* standard and Federal Rule of Civil Procedure 9(b).

When the allegations regarding non-payment of benefits, workers' compensation, and allegations regarding statements made at hearings or to the workers' compensation board are taken away, no facts exist to support plaintiffs' tort claims, and they should be dismissed as to the Non-Helmsman Defendants.[1]

Plaintiff has also improperly pleaded claims as to multiple defendants without separating out the allegations as to each named defendant as required. Defendants respectfully request that if this motion to dismiss is not granted in its entirety, this court grant its Motion for a More Definite Statement.

## II. Procedural History.

This action was filed in Orange County Superior Court on September 18, 2015. On October 20, 2015, the Non-Helmsman Defendants timely filed a Notice of Removal to this Court.[2] Dkt. 1. A copy of the Complaint is attached hereto as Exhibit A.

## III. Facts Alleged in the Complaint.

In 1997, Plaintiff was awarded a judgment against Pacific Bell. Compl. ¶16. Following an Appeal, the trial court was directed to determine the amount of any offset Pacific Bell might be entitled to for any stress-related disability payments made under the Workers Compensation system. Compl. ¶ 18. At a 2001 hearing, Defendant Helmsman allegedly testified that Plaintiff would "receive full medical benefit coverage from Pacific Bell for the rest of life and would never be forced to undergo additional independent medical examination or otherwise have her case reevaluated." Compl. ¶ 21. Based on "Defendants' representations" the court offset the damages portion of the

---

[1] Helmsman Management Services, LLC is filing a separate motion to dismiss.

[2] AT&T Inc. is also a defendant in the above-captioned action. It has not been served with the Complaint and has not appeared.

1  judgment on the basis of future payments.  Compl. ¶ 22.  Plaintiff further
2  alleges in conclusory fashion, that the representations allegedly "made to the
3  Superior court by the Defendants" were false and Defendants knew they were
4  false when made. Compl. ¶ 23.

5  Plaintiff then alleges that "defendants failed and continue to fail, to
6  make the promised disability payments, refused to pay medical and
7  prescription costs, failed to make pension payments, and sought termination of
8  [Plaintiff's] Workman's Compensation benefits."  Compl. ¶ 24. She further
9  alleges that "Defendants" "invaded her privacy by demanding medical records
10 from [Plaintiff's] providers" (Compl. ¶26), terminated her medical coverage
11 without right or notice (Compl. ¶27), filed false documents with the Workers
12 Compensation Appeal Board (Comp. ¶ 28), artificially reduced Plaintiff's start
13 dates to reduce her eligibility for benefits (Compl. ¶ 29), and made deductions
14 from Plaintiff's benefits for the supposed reason of paying premiums for
15 medical insurance while at the same time instructing the medical provider that
16 Plaintiff was no longer covered (Compl. ¶ 30).

17 Based on the foregoing alleged failure by "Defendants" to provide
18 promised pension, disability, medical and workers' compensation benefits
19 supposedly promised in court proceedings, and the alleged interference by
20 "Defendants" with those benefits, Plaintiff asserts seven tort causes of action
21 against all Defendants: intentional misrepresentation, negligent
22 misrepresentation, concealment, negligent non-disclosure by a fiduciary,
23 negligent infliction of emotional distress, intentional infliction of emotional
24 distress and negligence.  Compl. ¶¶ 33-60.

25 **IV.** **Argument.**
26 **A.** **Standard of Review.**
27 The Non-Helmsman Defendants seek dismissal of the claims against
28 them pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6)

permits dismissal for "failure to state a claim upon which relief can be granted," and is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) (quotations omitted).

When evaluating a Rule 12(e) motion, the court should look to whether the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. "Rule 12(e) is focused on the pleading and not the merits of any claim; it only analyzes whether the plaintiff has met the minimal pleading standards so that a defendant may reasonably answer the complaint." *Wavetronix LLC v. Swenson*, No. 4:12-CV-00244-BLW, 2013 WL 1222565, at *3 (D. Idaho Mar. 25, 2013).

Rule 12(f) provides that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing

with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted).

### B. Plaintiff's Causes of Action Fail to State a Claim Because They Are Preempted.

Plaintiff seeks tort relief for the failure to provide benefits and interference with benefits. Depending upon the benefit at issue, it is exclusively provided for by either ERISA or the California's workers' compensation statute. *See* Compl. ¶¶ 11-31. These alleged facts, even if taken as true, cannot serve as the basis of liability under California law.

#### 1. Plaintiff's state-law claims based on the denial of disability payments, pension payments and medical and prescription costs, or interference with such benefits, are preempted by ERISA.

All of Plaintiff's claims are preempted by ERISA to the extent they relate to the nonpayment of benefits under a covered pension, medical, or disability plan. Section 514(a) of ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). This preemption has been broadly interpreted to encompass any and all state law claims with a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

ERISA preemption covers not only laws that expressly concern employee benefits, but also those which amount to indirect regulation of employee benefit plans. *Id.* at 98. Thus, any state law claim which relates to a plan covered by ERISA is completely barred. *See Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 631-33 (9th Cir. 1990). Case law leaves no doubt that courts may not entertain claims—no matter how denominated—for damages suffered because benefits were allegedly denied or delayed under a plan covered by ERISA. *See e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-

63 (1987) (holding employee's common law contract and tortious wrongful termination claims were preempted by ERISA and subject to federal jurisdiction); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987) (stating preemption clause is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern"). "[W]here the existence of an ERISA plan is a critical factor in establishing liability under a state cause of action, the state law claim is preempted." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citation omitted). Fraud claims are specifically included in this preemption, as are claims for emotional distress. *Olson v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir. 1991) (affirming ruling that fraud claim "relating to" benefits plan is preempted by ERISA); *Johnson v. District 2 Marine Engineers Beneficial Ass'n-Associated Maritime Officers, Medical Plan*, 857 F.2d 514, 517 (9th Cir. 1988) (affirming dismissal of fraud and IIED claims as preempted by ERISA where they "clearly state common-law claims for enforcement of plan benefits").

Here, the private employer plans providing the benefits at issue are governed by ERISA as a matter of law. *See Pilot Life Ins. Co.*, 481 U.S. at 44 ("ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance of otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness accident, disability, or death. § 3(1), 29 U.S.C. § 1002(1)."). Thus, the gravamen of all of Plaintiff's causes of action is the alleged nonpayment of pension, disability and medical benefits, which are all benefits under ERISA plans. *See* Complaint at ¶ 24. As such, all of her claims—regardless of whether they sound in tort—are preempted to the extent they constitute or relate to benefits provided by these plans, in this case, under AT&T Umbrella Benefit Plan No. 1 (for medical and prescription drugs) and AT&T Umbrella

Benefit Plan No. 3 (for disability payments). Because they are all completely preempted, each of Plaintiff's causes of action should be dismissed.

2. <u>Workers' compensation is the exclusive remedy for alleged denial or interference with Plaintiff's workers' compensation benefits.</u>

As with Plaintiff's claims regarding the payment of benefits pursuant to an ERISA plan, each of Plaintiff's claims regarding the failure to pay workers' compensation and alleged false representations to the workers' compensation appeals board are also preempted.

Under California law, workers' compensation provides the exclusive remedy for an injury sustained by an employee in the course of employment and compensable under the workers' compensation law. *See* Cal. Lab. Code §§ 3600(a), 3602(a). This "exclusivity rule" also encompasses injuries "collateral to or derivative of" an injury compensable under the workers' compensation law. *Vacanti v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813 (2001). The exclusivity rule bars "claims based on 'disputes over the delay or discontinuance of [workers' compensation] benefits, including those claims seeking to recover economic or contractual damages from the mishandling of a workers' compensation claim." *Id.* at 815 (quoting *Marsh & McLennan, Inc. v. Superior Court*, 49 Cal. 3d 1, 7 (1989)).

Courts applying the exclusivity rule apply a two part test. First, the court must determine whether the alleged injury is "collateral to or derivative of" an injury compensable by the exclusive remedies of the Workers' Compensation Act. *Id.* at 811. Second, if the injury meets the "collateral to or derivative of" test, then courts examine whether the alleged acts or motives that establish the elements of the cause of action fall outside the risks encompassed within the compensation bargain. *Id.* 811-12. Where the acts are a "normal" part of the employment relationship or workers' compensation

claim process, or where the motive does not violate a fundamental public policy, then the cause of action is barred. *Id.* at 812.

Here, Plaintiff's claims are based on representations regarding future workers compensation payments allegedly made at a court hearing (Compl. ¶ 19) and allegedly false documents provided to the Workman's Compensation Board (Compl. ¶ 28). The alleged injuries therefore arise "in the course of the workers' compensation claims process." Moreover, the alleged acts, amounting to a dispute over the payment of workers' compensation benefits and submissions to the workers' compensation board are properly characterized as a "normal" part of the claims process. Plaintiffs' causes of action are therefore preempted to the extent based on allegations of nonpayment of workers' compensation or statements made in the claims process. *See Vaccanti*, 24 Cal. 4th at 821 ("Because denying or objecting to claims for benefits is also a normal part of the claims process, misconduct stemming from the delay or "discontinuance of payments ... is properly addressed by the WCAB."); *Jenkins v. MCI Telecom. Corp.*, 973 F. Supp. 1133, 1138 & fn. 9 (C.D. Cal. 1997) (granting summary judgment on IIED and fraud claims because "California's worker's compensation liability provisions . . . exclusively govern claims for [IIED and fraud]" where related to claims process).

**B.    Plaintiff's Claims Should Be Dismissed Because They Are Based on Alleged Testimony in a Judicial Proceeding.**

Plaintiff's complaint and every claim therein is based on privileged speech under California law, and therefore should be dismissed. California Civil Code section 47 states: "A privileged publication or broadcast is one made . . . in any . . . judicial proceeding . . . ." Cal. Civ. Code § 47(b)(2). "The section provides an absolute privilege for a publication filed in a litigation proceeding" and "has been extended to *any* communication, whether

1 or not it is a publication, and to *all* torts other than malicious prosecution." *St.*
2 *Paul Mercury Ins. Co. v. Tessera, Inc.*, 908 F. Supp. 2d 1054, 1061 (N.D. Cal.
3 2012) (quotations and citations omitted). The privilege has been given an
4 "expansive reach" by California courts and encompasses all communications
5 "with 'some relation'" to judicial proceedings. *Rubin v. Green*, 4 Cal. 4th
6 1187, 1193-94 (1993). This privilege extends to quasi-judicial proceedings
7 such as workers' compensation proceedings. *Harris v. King*, 60 Cal. App. 4th
8 1185, 1187 (1998) (holding privilege extended to medical report submitted to
9 State Compensation Insurance Fund "even if prepared and communicated
10 maliciously and with knowledge of its falsity."). The privilege affords
11 **absolute** immunity against tort liability arising out of such a communication
12 regardless of attempts by the "plaintiff" to "plead around" this "absolute
13 barrier." *See Rubin*, 4 Cal. 4th at 1201-02; *accord St. Paul Mercury Ins. Co.*,
14 908 F. Supp. 2d at 1061 (granting motion to dismiss and stating "Section 47(b)
15 does not function like an evidentiary privilege to the extent that it does not bar
16 the introduction of evidence, but instead acts as a bar on liability for privileged
17 statements.").

18 Here, Plaintiff's tort claims are based on arguments and testimony made
19 in a California judicial proceeding (Compl. ¶¶ 19-25) and alleged statements
20 in materials allegedly provided to the California Worker's Compensation
21 Board (Compl. ¶ 28). These alleged representations (and alleged failure to
22 testify regarding unspecified "material facts") form the factual basis of each of
23 Plaintiff's claims. Compl. ¶¶ 33-60. More specifically, the alleged testimony
24 by "Helsman" (sic) as part of court hearing on the offset of damages, in which
25 it purported stated that Plaintiff would receive "full medical benefit coverage
26 from PACIFIC BELL for the rest of her life and would never be forced to
27 undergo additional independent medical examination or otherwise have her
28 case reevaluated" (Compl. ¶ 21) is the supposedly knowingly false

representation that is the basis for each of her misrepresentation, concealment and non-disclosure claims. This supposed misrepresentation followed by the alleged acts contrary to the supposed representation is the purported cause of "plaintiff's alleged "severe emotional distress." *See* Compl. ¶¶ 51, 55. Similarly, Plaintiff claims that the alleged filing of "false documents with the Workers' Compensation Board" – which statements are again covered by the absolute privilege – caused emotional distress and was negligent. *See* Compl. ¶¶ 28, 45, 54, and 58. Without these alleged privileged statements, Plaintiff's claims fail and, therefore, should be dismissed.

C.  **Plaintiff's Conclusory Allegations Fail to State a Claim Under Applciable Pleading Standards.**

In addition to being preempted, each of Plaintiff's causes of action fails to state a claim because each amounts to only a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-56. Plaintiff has not "ple[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Instead, each of Plaintiff's causes of action merely state the elements of each claim and assert them against "all defendants" (Compl. ¶¶ 32-60). These threadbare "legal conclusion[s]" are not entitled to the assumption of truth. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Because Plaintiff's claims lack "well-pleaded, nonconclusory factual allegation[s]" they fail to state a claim and must be dismissed. *Twombly*, 550 U.S. at 555.

Moreover, Plaintiff's fraud claims (first, second, third, and fourth causes of action) also fail to state a claim because they do not "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Vess v. Ciba–Geigy Corps. USA*, 317 F.3d 1097, 1106-07 (9th Cir. 2003) (stating that a

1  plaintiff must include "the who, what, where, when and how" of the
2  fraud).  Where the fraud claim is against a corporation, the plaintiff's burden is
3  "even greater." *Lazar v. Superior Court,* 12 Cal. 4th 631, 645
4  (1996).  Additionally, "Where multiple defendants are asked to respond to
5  allegations of fraud, the complaint must inform each defendant of his alleged
6  participation in the fraud." *Castaneda v. Saxon Mortgage Services, Inc.,* No.
7  CIV. 2:09-01124 WBS DAD, 2009 WL 4640673 at *6 (E.D. Cal., Dec.3,
8  2009).  Plaintiff's complaint fails to meet this standard.  It lumps Defendants'
9  names together, makes vague and conclusory statements regarding alleged
10 fraudulent conduct, and fails to include any allegations specific to the "the
11 who, what, where, when and how" of the alleged fraud.  It is unclear what any
12 Defendant did that allegedly defrauded Plaintiff.  Defendants cannot be
13 expected to defend themselves based on such inadequate notice of what they
14 are alleged to have done.  *See Iqbal,* 556 U.S. at 678-80.
15         Similarly, Plaintiff does not allege facts that demonstrate that any of the
16 Non-Helmsman Defendants engaged in "extreme and outrageous conduct"
17 which is a required element of her infliction of emotional distress causes of
18 action.  *KOVR-TV, Inc. v. Superior Court* , 31 Cal. App. 4th 1023, 1028
19 (1995).  The alleged conduct "must be so extreme as to exceed all bounds of
20 that usually tolerated in a civilized community. . . . [and] will be found to be
21 actionable where the 'recitation of the facts to an average member of the
22 community would arouse his resentment against the actor, and lead him to
23 exclaim, "Outrageous!"' *Id*. at 1028 (citations omitted).  Plaintiff's allegations
24 that Defendants engaged in actions to impede, lower or eliminate her benefits,
25 despite supposed promises not to do so fall far short this requirement. *See*
26 *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494-97 (1998) (sustaining without
27 leave to amend a demurrer for intentional infliction of emotional distress).  As
28 stated by the *Cochran* court:

> In evaluating whether the defendant's conduct was outrageous, it is "not . . . enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Id.* at 496 (quoting Rest.2d Torts, § 46, com. d, p. 73).

Thus, there is a long line of cases holding that misrepresentations, threats, terminating employment in a despicable manner and similar offensive behavior is insufficient as a matter of law to state a claim for tortious infliction of emotional distress. *See id.* (collecting cases). Here Defendants' supposed acts of falsely representing that Plaintiff would receive continued ERISA and workers' compensation benefits and then engaging in supposed misrepresentations and other actions to impede, challenge and take away those benefits is insufficient as a matter of law to state a claim.

D. **Plaintiff's Complaint is Inherently Vague and Ambiguous.**

Each of Plaintiffs' claims is inherently vague and ambiguous in that it cannot be determined what particular factual allegations support which claim against which defendant. Indeed several defendants (AT&T Inc., FMR LLC, Sedgwick Claims Management Services, and Aon Hewitt Benefit Payment Services, LLC) are never mentioned in the factual allegations of the complaint at all. *See* Complaint, ¶¶ 11-31. Nevertheless, Plaintiff is asserting each of her claims against all defendants. *Id.* at ¶¶ 32-60. This sort of combination and confusing pleading is precisely what the Federal Rules of Civil Procedure are designed to prevent. *See* Fed. R. Civ. Proc. 10; *Ramirez v. Alameda*, No. C12-4852 MEJ, 2013 WL 5934700, at *4-5 (N.D. Cal. Oct. 31, 2013) (granting motion for more definite statement where allegations in complaint

1 did not specify which named defendant (if any) committed alleged wrongs).
2 In order to prevent confusion and to allow the parties to quickly and easily
3 refer to the individual claims without unnecessary clarification, if the
4 Complaint is not dismissed in its entirety, this Court should require Plaintiff to
5 identify the factual basis as to her claims with respect to each defendant
6 specifically, so that it may have sufficient opportunity to defend itself against
7 each of Plaintiff's claims without prejudice.

**V.  Conclusion.**

For the foregoing reasons, Plaintiff's Complaint fails to state a claim, and any claim she is trying to make is barred by state and federal statutes and preemption. As a result, Plaintiff's complaint must be dismissed.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

To the extent that Plaintiffs' claims are preempted by ERISA or workers' compensation preemption, these claims should be dismissed with prejudice.[3]

Dated: October 27, 2015

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> PAULA M. WEBER
> MARLEY DEGNER
> STEPHEN E. BERGE
>
>
> By   /s/ Paula M. Weber
>       Paula M. Weber
> Attorneys for Defendant
> PACIFIC BELL TELEPHONE COMPANY dba AT&T CALIFORNIA, SEDGWICK CLAIMS MANAGEMENT SERVICES, and AON HEWITT BENEFIT PAYMENT SERVICES LLC

---

[3] Should the Court determine that only ERISA preemption or Workers' compensation preemption apply, but not both, and does not dismiss the Complaint on other grounds set forth herein, movants request that the court strike the factual allegations relating to either ERISA benefits (Compl. at 4:9-11; 4:13-18; 4:23-24; 5:4-7; 5:10-16) or workers' compensation (Compl. at 4:12; 4:16-18; 4:25; 5:8-9) pursuant to Fed. R. Civ. P. 12(f).