# EXHIBIT A

Melissa J. Fox, Bar No. 170105
THE FOX FIRM
14252 Culver Drive, No. A248
Irvine, California 92604
(949) 683-8855
Facsimile: (714) 389-4974
melissa@melissafoxlaw.com

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/18/2015 at 12:34:34 PM
Clerk of the Superior Court
By Rita Strom, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT

| | |
|---|---|
| CHARLOTTE ERNSTING, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY; HELMSMAN MANAGEMENT SERVICES, LLC; AT&T, INC.; FMR LLC; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC; AON HEWITT BENEFIT PAYMENT SERVICES, LLC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 30-2015-00810513-CU-FR-CJC<br>Judge Randall J. Sherman<br><br>**VERIFIED COMPLAINT FOR**<br><br>1. **FRAUD – MISREPRESENTATION**<br>2. **FRAUD – CONCEALMENT**<br>3. **NEGLIGENT NONDISCLOSURE BY A FIDUCIARY**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>6. **NEGLIGENCE** |

Plaintiff CHARLOTTE ERNSTING complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff CHARLOTTE ERNSTING (hereinafter "CHARLOTTE") is, and at all times relevant herein was, an individual residing in the City of Costa Mesa, County of Orange, California.

- 1 -
**VERIFIED COMPLAINT**

2. Defendant PACIFIC BELL TELEPHONE COMPANY (hereinafter PACIFIC BELL) is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California and doing business in the County of Orange, State of California. Defendant PACIFIC BELL TELEPHONE COMPANY employed Plaintiff.

3. Defendant HELMSMAN MANAGEMENT SERVICES is, and at all times relevant herein was, a limited liability company organized and existing under the laws of the State of Massachusetts and doing business in the County of Orange, State of California. Defendant HELMSMAN MANAGEMENT SERVICES administers Plaintiff's Workman's Compensation benefits.

4. Defendant FMR LLC is and at all times relevant herein was, a limited liability company organized and existing under the laws of the State of Delaware and doing business in the County of Orange, State of California. Defendant FMR LLC administers Plaintiff's pension benefits.

5. Defendant AT&T CORPORATION, formerly SBC Communications, Inc., is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of New York and doing business in the County of Orange, State of California.

6. Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of Illinois and doing business in the County of Orange, State of California.

7. Defendant AON HEWITT BENEFIT PAYMENT SERVICES, LLC is, and at all times relevant herein was, a limited liability company organized and existing under the laws of the State of Illinois and doing business in the County of Orange, State of California.

8. This judicial district is the proper venue for this action because Plaintiff and Defendants entered into the transactions, contracts and relationships that are the subject matter of this action in this judicial district. Further, this is the judicial district where defendants' liability arose and where defendants' defaults, acts, and/or omissions occurred.

9. The true names and capacities of defendants sued herein as DOES 1 through 100,

inclusive (the "Doe Defendants"), whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues said defendants by such fictitious names pursuant to Code of Civil Procedure §474. Each of said Doe Defendants is responsible in some manner for the events herein referred and caused injury and damages proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave to amend this Complaint to state the true names and capacities when ascertained.

10. Plaintiff is further informed and believes and based thereon alleges that at all times herein mentioned each of the Defendants sued herein was the agent, servant, and employee of its or his or her Co-Defendants, and in so doing the things hereinafter alleged was acting within the scope of its, his or her authority as such agent, servant and employee and with the permission and consent of its, his or her Co-Defendants.

11. On February 16, 1970, CHARLOTTE went to work for PACIFIC BELL in Garden Grove, California.

12. CHARLOTTE was victimized by the male technicians and management of Defendant PACIFIC BELL until she became so disabled that she could no longer continue her employment.

13. On or about February of 1995, CHARLOTTE filed an action for sex discrimination and constructive wrongful discharge in the Orange County Superior Court, *Langhauser and Ernsting v. Pacific Bell*, Case number 742727.

14. The Superior Court Complaint described an environment of sexual harassment, sexual abuse, and disparate treatment so hostile, pervasive and severe that it was not only an intolerable working environment, but also caused CHARLOTTE tremendous anguish, embarrassment, humiliation, and anxiety such that CHARLOTTE became fully disabled and permanently incapable of working.

15. In January of 1997, after a full trial with detailed testimony describing the death threats, stalking, abuse and pornography CHARLOTTE had been subjected to, the jury awarded CHARLOTTE $682,716 in general damages and $1,800,000 in punitive damages plus attorneys

1  fees, prejudgment interest, and costs.

2  16.  On or about March 7, 1997, CHARLOTTE was awarded judgment against PACIFIC BELL in the amount of $3,683,728.30.

4  17.  PACIFIC BELL appealed.

5  18.  The Appellate Court struck down the punitive damages award, upheld the judgment in the amount of $682,716 against PACIFIC BELL and remanded the matter to the trial court for a determination of the amount of any offset PACIFIC BELL might be entitled to for any stress-related disability payments made under the Workman's Compensation system.

9  19.  On remand, PACIFIC BELL argued that they were entitled to an offset for the full amount of the remaining general damages portion of the judgment based on PACIFIC BELL's obligation to pay CHARLOTTE'S lifetime full disability benefits for the rest of CHARLOTTE's life under the Workman's Compensation system.

13  20.  In seeking to offset the entirety of CHARLOTTE's damages at the 2001 hearing, Defendants testified that CHARLOTTE would receive temporary disability and her disability pension benefits for life.

16  21.  HELSMAN further testified that CHARLOTTE would receive full medical benefit coverage from PACIFIC BELL for the rest of her life and would never be forced to undergo additional independent medical examinations or otherwise have her case reevaluated.

19  22.  Based on the Defendants' representations, the Superior Court offset the damages portion of the judgment on the basis of future payments.

21  23.  The representations made to the Superior Court by the Defendants were false and the Defendants knew they were false when made.

23  24.  In fact, Defendants failed and continue to fail, to make the promised disability payments, refused to pay medical and prescription costs, failed to make pension payments, and sought termination of CHARLOTTE's Workman's Compensation benefits.

26  25.  The exact amount of the unpaid benefits shall be determined at trial but are not less than $75,000.

28

26. Defendants have continued to harass and threaten CHARLOTTE by keeping her under surveillance and seeking to invade her privacy by demanding medical records from CHARLOTTE's providers.

27. Defendants repeatedly threatened CHARLOTTE that they would cut off her medical insurance and prescription benefits, and in fact did terminate CHARLOTTE's medical coverage without right or notice to CHARLOTTE, forcing CHARLOTTE to pay the costs of her treatment and prescriptions or do without.

28. Defendants sought to terminate CHARLOTTE's disability payments entirely by filing false documents with the Workman's Compensation Board.

29. Defendants falsified records to artificially advance Plaintiff's employment start date by a year, significantly reducing CHARLOTTE's eligibility for benefits.

30. Defendants falsified statements and other documents to falsely reflect that health insurance premiums deducted from CHARLOTTE's benefits were being paid to Kaiser Permanente. In fact, even though premium amounts were deducted from CHARLOTTE's benefits payments, Defendants intentionally failed to pay the premiums for CHARLOTTE's insurance coverage and specifically instructed Kaiser Permanente that CHARLOTTE was no longer covered.

31. The aforementioned acts of defendants were willful, wanton, malicious, and oppressive and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

### [Intentional Misrepresentation – Against all Defendants]

32. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations.

33. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, made the false representations as set forth herein, knowing that the representations were false when made and with the intent and purpose that Plaintiff rely on the false representations to the Plaintiff's detriment and damage.

34. Plaintiff did not know that the representations were false when made and justifiably relied upon the truth of Defendants' false representations to Plaintiff's detriment and damage.

35. As a direct and proximate result of Defendants' misrepresentations, Plaintiff has been damaged in an amount to be shown according to proof at trial.

## SECOND CAUSE OF ACTION

### [Negligent Misrepresentation – Against all Defendants]

36. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First Cause of Action.

37. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendants made representations as set forth above that Defendants had no reasonable grounds for believing to be true at the time such representations were made.

38. Plaintiff is informed and believes and based thereon alleges that, at all times relevant herein, Defendants individually, and while acting as agents for the other defendants, and each of them, made these representations with the intention of inducing Plaintiff to act in reliance on these representations in the same manner in which Plaintiff did act, or with the expectation that Plaintiff would so act.

39. Plaintiff reasonably and justifiably relied on Defendants' representations to Plaintiff's detriment and as a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be shown according to proof at trial.

## THIRD CAUSE OF ACTION

### [Concealment – Against all Defendants]

40. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First and Second Causes of Action.

41. Plaintiff is informed and believes and based thereon alleges, that Defendants

concealed and suppressed material facts, as set forth above, with the intent to defraud Plaintiff.

42. Defendants were under a duty to disclose the true facts to Plaintiff, of which Plaintiff was unaware, and which if known to Plaintiff would have prevented Plaintiff and the Superior Court from relying on Defendants.

43. Defendants' concealment and suppression of material facts directly and proximately caused Plaintiff to be damaged in an amount to be shown according to proof at trial.

44. Defendants' aforementioned conduct was willful and oppressive, fraudulent, and malicious. Plaintiff is therefore entitled to punitive damages.

### FOURTH CAUSE OF ACTION

**[Negligent Nondisclosure by a Fiduciary– Against all Defendants]**

45. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First, Second, and Third Causes of Action.

46. Plaintiff had a fiduciary relationship with the Defendants, and each of them, whether directly or through the agency of the defendants. Plaintiff was required to rely on the representations of the Defendants as her insurers.

47. Plaintiff is informed and believes and based thereon alleges that Defendants possessed information material to Plaintiff's interests that the Defendants knew or should have known was material to Plaintiff.

48. Defendants' failure to disclose such material information to Plaintiff caused Plaintiff to be damaged in an amount to be shown according to proof at trial.

49. Defendants' aforementioned conduct was willful and oppressive, fraudulent, malicious. Plaintiff is therefore entitled to punitive damages.

### FIFTH CAUSE OF ACTION

**[Negligent Infliction of Emotional Distress – Against All Defendants]**

50. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First, Second, Third, and Fourth Causes of Action.

51. Defendants knew, or should have known, that their threats, misrepresentations, and misconduct as set forth above, and each of them, would cause Plaintiff severe emotional distress.

52. As a further proximate result of Defendants' acts and omissions described above, and the consequences proximately caused thereby, as hereinabove alleged, as well as their failure to exercise the reasonable skill, care, and due diligence in carrying out their duties to Plaintiff, that a reasonable person would or should exercise when engaging in such transactions, Plaintiff suffered emotional distress and mental suffering, all to her damage.

53. The aforementioned negligent conduct of defendants resulted in damages to the Plaintiff as discussed herein and in an amount to be shown according to proof at trial.

## SIXTH CAUSE OF ACTION

### [Intentional Infliction of Emotional Distress – Against All Defendants]

54. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First through Fifth Causes of Action.

55. Defendants, in the performance of the acts discussed above, and each of them, knew that such acts would cause Plaintiff great mental anguish and distress, and such acts did cause Plaintiff great mental anguish and distress.

56. The aforementioned intentional conduct of defendants resulted in damages to the Plaintiff as discussed herein and in an amount to be shown according to proof at trial.

57. Defendants' aforementioned conduct was willful and oppressive, fraudulent, and malicious. Plaintiff is therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

### [Negligence – Against all Defendants]

58. Plaintiff repeats, realleges, and incorporates by reference as though set forth in full each and every allegation contained in the General Allegations and the First through Sixth Causes of Action.

59. In doing the actions described above, the Defendants, and each of them, failed to use the skill and ordinary care that a reasonable person or would use in the performance of such activities and duties.

60. As a result of the Defendants' negligence in performing the acts and duties or failing to competently perform the acts and duties described above the Plaintiff suffered injury and damage as described above and in an amount to be shown according to proof at trial.

### DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

Plaintiff hereby demands a jury trial. WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, and each of them, on all of the Causes of Action, as follows:

1. For compensatory, special, and consequential damages in an amount to be determined at trial, but in no event less than $5,000,000;
2. For punitive damages;
3. For Attorney's fees and costs; and
4. For interest at the legal rate for all sums due;
5. For such other and further relief as the Court may deem just and proper.

DATED: September 10, 2015

THE FOX FIRM

By: _____
Melissa J. Fox
Attorneys for Plaintiff CHARLOTTE ERNSTING

**VERIFIED COMPLAINT**

## VERIFICATION

I am the Plaintiff in the above-entitled matter. I have read the Verified Complaint and know the contents thereof; and I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters I believe it to be true. I certify (or declare), under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed at Costa Mesa, California, on September 17, 2015.

*[signature]*
CHARLOTTE ERNSTING