JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

CHARLOTTE ERNSTING,

        Plaintiff,

  v.

PACIFIC BELL TELEPHONE COMPANY, et al.,

        Defendants.

Case No.: SACV 15-01682-CJC(KESx)

ORDER REMANDING CASE

## I. INTRODUCTION

Plaintiff Charlotte Ernsting brings this action against Pacific Bell Telephone Company, FMR LLC, Sedgwick Claims Management Services Inc., Hewitt Associates LLC (collectively, the "Non-Helmsman Defendants"), and Helmsman Management

Services LLC ("Helmsman") for misrepresentation, concealment, negligent nondisclosure by a fiduciary, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Plaintiff originally sued Defendants in state court, and Defendants removed to this Court in October 2015 on the basis that some of Plaintiffs' claims were preempted by ERISA.[1] (Dkt. 1 ["Notice of Removal"].) Helmsman and the Non-Helmsman Defendants filed motions to dismiss on October 27, which the Court granted in part and denied in part on December 16, ruling that some of Plaintiff's claims—but not all—were preempted by ERISA. (Dkt. 28.) Suspecting that it no longer had subject matter jurisdiction over the remaining, non-preempted claims, the Court ordered the parties to show cause why the action should not be remanded to state court. Helmsman and Plaintiff consented to remand, but the Non-Helmsman Defendants objected, arguing that the Court should retain jurisdiction and force Plaintiff to clarify some of her claims. For the following reasons, the Court finds that the prudent course is to remand, and the action is REMANDED to state court.

## II. DISCUSSION

This case has its genesis in a sexual harassment lawsuit Plaintiff brought against Pacific Bell in state court in the late 1990s. (Dkt. 1-1 ["Compl."] ¶ 13.) After Plaintiff was sexually harassed by colleagues, she developed a stress-related medical condition that prevented her from working. (*Id.* ¶ 14.) She sued Pacific Bell and recovered a judgment of $682,716. (*Id.* ¶ 15.) Pacific Bell appealed, arguing that it was entitled to offset the judgment by the amount of workers' compensation benefits it had already paid Plaintiff—and which it was obligated to pay her in the future. (*Id.* ¶ 18.) The California Court of Appeal agreed, and remanded to the trial court to determine how much of an offset the workers' compensation payments totaled. On remand, the trial court

---

[1] The Employee Retirement Income Security Act of 1974.

determined that Plaintiff had already received $280,768.24 in workers' compensation payments, and that she was going to receive an additional amount with a then-present value of $453,582.00, for a sum total of $734,260.24. (Dkt. 27-2 at 3.) Because that total was greater than the amount Plaintiff was awarded at trial, the trial court zeroed out the judgment. (*Id.*)

In September 2015, Plaintiff filed a state court complaint against Defendants for a number of state law causes of action. (*See* Compl.) The gist of Plaintiff's complaint is this: many years ago, at the hearing on remand where the state court was determining the amount of offset, Defendants testified that Plaintiff would receive lifetime disability benefits and lifetime full medical coverage, without the need for reevaluation or additional independent medical examinations. (*Id.* ¶¶ 20–23.) Now, Plaintiff claims that Defendants are failing to pay her the promised benefits, and that they are "harass[ing] and threaten[ing]" her by, among other things, demanding medical records from her medical providers, threatening to cut off her benefits, surveilling her, and falsifying certain documents and records. (*Id.* ¶¶ 24–30.) Plaintiff's complaint sought "unpaid benefits," as well as other damages for the alleged tortious conduct. (*Id.* ¶¶ 25; 31.)

Helmsman and the Non-Helmsman Defendants moved to dismiss all of Plaintiff's claims on a number of grounds, including that several of her claims were preempted by ERISA because they sought ERISA benefits that can only be obtained through an action under 29 U.S.C. § 1132. For the reasons set forth in the Court's December 16 Order, the Court agreed that insofar as Plaintiff's claims for misrepresentation, concealment, negligent nondisclosure by a fiduciary, and negligence sought unpaid ERISA benefits, they were preempted. Relying on *Dishman v. UNUM Life Ins. of America*, 269 F.3d 974, (9th Cir. 2001) and *Daie v. Reed Group, Ltd.*, No. C 15-03813 WHA, 2015 WL 6954915 (N.D. Cal. Nov. 10, 2015), however, the Court determined that Plaintiff's negligent infliction of emotional distress ("NEID") and intentional infliction of emotional distress

1 ("IIED") claims were conceivably premised not on her denial of ERISA benefits, but on
2 an independent legal duty Defendants had not to harm Plaintiff. Essentially, Plaintiff's
3 complaint could be read to allege that Defendants' harassment of Plaintiff went beyond
4 "daily plan administration," *Dishman*, 269 F.3d at 984, and that her NEID and IIED
5 claims were therefore not preempted. (*See* Dkt. 1 Exh. A ["Compl."] ¶ 26 ("Defendants
6 have continued to harass and threaten [Plaintiff] by keeping her under surveillance and
7 seeking to invade her privacy[.]"))

9 The Court ruled, however, that Plaintiff's claims for misrepresentation,
10 concealment, negligent nondisclosure by a fiduciary, and negligence could "only
11 plausibly be read to support her claim for unpaid benefits," and were therefore
12 preempted. (Dkt. 28 at 8.) Those claims were dismissed with prejudice insofar as they
13 sought ERISA benefits.

15 Noting that Plaintiff's remaining claims were state law claims, the Court ordered
16 the parties to show cause why the action should not be remanded to state court.
17 Helmsman and Plaintiff consented to remand. (Dkt. 29; Dkt. 31.) The Non-Helmsman
18 Defendants, however, have objected to the prospect of remand. They argue that
19 Plaintiff's NIED and IIED claims *may* be premised on the violation of an independent
20 legal duty, but they *may not*, and without clarification of Plaintiff's complaint, it is
21 impossible to say. If this Court remands, and it becomes clear in discovery that
22 Plaintiff's NIED and IIED claims are actually based on a denial of benefits and therefore
23 preempted, the Non-Helmsman Defendants say that they will be forced to remove again
24 to federal court to have those claims dismissed, wasting everyone's time and resources.
25 Additionally, the Non-Helmsman Defendants complain that Plaintiff carelessly pled her
26 allegations against "all Defendants," so there is no way to say if her viable NIED and
27 IIED claims are even asserted against the Non-Helmsman Defendants specifically.

1    Plaintiff, for her part, assures the Court that she is "not seeking unpaid benefits but rather seeks recovery for the continuing emotional distress, harassment, and invasions of privacy." (Dkt. 31 at 2.) This would normally allay the Court's concerns about Plaintiff attempting to re-assert preempted claims before the state court. But troublingly, Plaintiff also argues that "[Defendant] Pacific Bell continues to miscast this action as one for benefits rather than the state law tort claim action that it is." (*Id.* at 1–2.) Plaintiff made this argument on the motion to dismiss, and it is wrong. Plaintiff's complaint clearly sought unpaid benefits. (*See* Compl. ¶¶ 24–25 ("Defendants failed . . . to make the promised disability payments, refused to pay medical and prescription costs, failed to make pension payments, and sought termination of [Plaintiff's workers' compensation] benefits . . . [t]he exact amount of the unpaid benefits shall be determined at trial.") And lest there be any confusion as to the Court's December 16 Order, *any* of Plaintiff's state law claims which seek unpaid ERISA benefits are preempted by ERISA. She may *only* seek those benefits by asserting an appropriate cause of action under 29 U.S.C. § 1132.

   That is all to say that the Non-Helmsman Defendants are correct that Plaintiff's complaint—and her further representations—are not a model of clarity. As the Non-Helmsman Defendants point out, Plaintiff's NIED and IIED claims are somewhat unclear as to what facts she is attempting to allege, and against which Defendants. Nonetheless, Plaintiff does allege that Defendants have "harass[ed]" and "threaten[ed]" her by, among other things, "keeping her under surveillance." These allegations, as the Court ruled in its December 16 Order, are sufficient to persuade the Court that Plaintiff's NIED and IIED claims are not necessarily preempted. There is no reason for this Court to sort out which Defendants, exactly, those non-preempted claims are being asserted against, because that determination has no bearing on subject matter jurisdiction. This Court will not endeavor to manage the pleadings, only to send them back to the state court. And Plaintiff has now represented to the Court that she is seeking traditional tort recovery, not ERISA benefits under the guise of a state law cause of action.

Accordingly, the Court finds that it lacks subject matter jurisdiction, and the case must be remanded under 28 U.S.C. § 1447(c).

**IV.  CONCLUSION**

For the foregoing reasons, the case is REMANDED to Orange County Superior Court.

DATED:	January 15, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE